F I L E D
United States Court of Appeals
Tenth Circuit

**AUG 29 2002**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MARVIN W. JOHNSTON,

Plaintiff - Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections, and DAVID MCKUNE,

Defendants - Appellees.

No. 99-3193
(D.C. No. 97-CV-3354-KHV)
(D. Kansas)

ORDER AND JUDGMENT *

Before **TACHA** , Chief Judge, **ANDERSON** and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Marvin Johnston, a state prisoner appearing pro se, appealed from summary judgment granted in favor of defendants on his suit brought pursuant to 42 U.S.C. § 1983. Mr. Johnston claimed that, by taking away his privileges and otherwise penalizing him for refusal to participate in the Kansas sexual abuse treatment program (SATP), defendants (1) violated the prohibition on *ex post facto* laws contained in the United States Constitution, art. I, § 9, cl. 3; (2) improperly penalized him for exercising his right to freedom of speech under the First Amendment; (3) violated his Fifth Amendment due process rights by infringing on a liberty interest; (4) violated his Fifth Amendment right against self-incrimination; and (5) denied him due process under the Fourteenth Amendment. *See* R. Doc. 25, at 3-4a. He sought declaratory and injunctive relief prohibiting recommendation of rehabilitative programs (and the penalties imposed by his refusal to participate) unless he voluntarily requested the program. *See id.* at 5.

On October 31, 2000, we entered an order reversing in part, vacating in part, and remanding in part Mr. Johnston's suit. *Johnston v. Simmons*, No. 99-3193, 2000 WL 1629971 (10th Cir. Oct. 31, 2000) (unpublished). Our decision was based on the holding of *Lile v. McKune*, 224 F.3d 1175 (10th Cir. 2000) (holding that the Kansas SATP violates the Fifth Amendment rights of inmates who are not granted immunity or otherwise guaranteed confidentiality for disclosing prior sex

crimes), *rev'd*, *McKune v. Lile*, 536 U.S.__, 122 S. Ct. 2017 (2002). Appellees appealed to the United States Supreme Court, and upon appellees' request, we stayed the mandate.

After reversing our decision in *Lile*, the Supreme Court of the United States entered a judgment on June 17, 2002, vacating our judgment in this case and remanding the cause for further consideration in light of its opinion in *McKune*. *Simmons v. Johnston*, No. 00-1231, 122 S. Ct. 2583 (2002). As a result of this judgment, on August 7, 2002, we vacated our prior judgment. We have vacated our opinion in *Lile* and recently remanded the case to the district court with directions to dismiss the complaint in its entirety, concluding that Mr. Lile's claims brought pursuant to the Fourth and Fifth Amendments do not rise to the level of compulsion contemplated by the plurality opinion as expressed by Justice O'Connor. *Lile v. McKune*, __ F.3d __, __ (10th Cir. 2002); *see McKune*, 122 S. Ct. at 2032-35.

Upon further review of Mr. Johnston's Fifth Amendment self-incrimination claim, we conclude that the identity of material facts between Mr. Johnston's and Mr. Lile's circumstances requires us to conclude that the penalties complained of likewise do not rise to the level of compulsion contemplated in *McKune*. We therefore affirm the dismissal of those claims.

-3-

We did not reach Mr. Johnston's remaining issues in our previous decision. Mr. Johnston argues that the district court abused its discretion in not ordering further discovery before it ruled on his due process and *ex post facto* claims, and continues to argue that punishing him for saying "no" to participation in the SATP program violates his First Amendment right to freedom of speech. Upon review of Mr. Johnston's brief, the district court's orders, and the record on appeal, we find no reversible error and affirm for substantially the same reasons set forth by the district court.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge